### In re SUNSTONE RIDGE ASSOCIATES, Debtor-Appellant.

### Civ. No. C–85–0501W.

United States District Court, D. Utah, C.D.

July 16, 1985.

Robert M. Anderson, Bruce Wycoff, Salt Lake City, Utah, for Sunstone.

Steven H. Gunn, Salt Lake City, Utah, William P. Weintraub, San Francisco, Cal., for Consolidated Capital Special Trust.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This case is an appeal of the bankruptcy court's decision to lift the automatic stay protecting the debtor-appellant's only property. The appeal was orally argued on July 10, 1985. Appellant Sunstone Ridge Associates was represented by Robert M. Anderson and Bruce Wycoff. Appellees Consolidated Capital Equities Corporation and Consolidated Capital Special Trust ("Concap") were represented by Steven H.

Gunn and William P. Weintraub. The court took the case under advisement following oral argument, and has since carefully reviewed the briefs submitted by counsel, the record on appeal, and various pertinent authorities. The court now renders the following decision.

■ There is one central issue on appeal: Is the test of whether a property is "necessary for an effective reorganization" under 11 U.S.C. § 362(d)(2) a test of necessity alone or can it include a determination of the feasibility of a successful reorganization? Appellant Sunstone argues that the test is limited to whether the property is necessary to an effective reorganization. Appellees Concap argue that the test is more expansive, and that the debtor must show that reorganization based on the property is feasible in addition to showing that the property is necessary to an effective reorganization. This court agrees with the appellant and its narrow "necessity" test.

This court is convinced by the reasoning contained in the case of *In re Koopmans*, 22 B.R. 395 (Bankr.D.Utah 1982). The *Koopmans* case is not squarely on point with this case. It concerned the tangential issue of whether "reorganization" includes "liquidation" as well as "rehabilitation" rather than the issue of whether a "necessity" test or a "feasibility" test is mandated by 11 U.S.C. § 362(d)(2)(B). Nevertheless, the analysis used to address the issue decided in *Koopmans* is equally useful in this case. The reasoning and arguments set forth in *Koopmans* support this court's adoption of the *necessity* test.

■ In enacting the modern bankruptcy code, Congress carefully erected a structure designed to protect and assist debtors without unduly harming the rights of creditors. A balance was struck between debtors' rights and creditors' rights. The federal courts, when interpreting the bankruptcy act, must be sensitive to the balance struck by Congress. Unless the intent of Congress is painstakingly followed, the del-

icate balance Congress has struck will be upset.

It seems quite clear that Congress intended that a "necessity" test be used under § 362(d). The first clue indicating that is the language of the statute itself. The statute provides that the bankruptcy court shall grant relief from the automatic stay against a particular property if:

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2). The language of subsection (B) clearly mandates a "necessity" test, but says nothing about a "feasibility" test.

The many courts that have adopted a feasibility test have derived it from the words "effective reorganization." *See, e.g., In re Greiman,* 45 B.R. 574 (Bankr.N. D.Iowa 1985). If there can be no effective reorganization, they argue, then none of the debtor's property will be necessary to that reorganization. Therefore, the debtor must show that a reorganization is feasible in addition to showing that his property is necessary to that reorganization. If he fails to show that, the automatic stay will be lifted.

This court believes that reading a feasibility test from the words "effective reorganization" is simply reading something that is not there. It strains belief to imagine that Congress used the phrase "necessary to an effective reorganization" to mean "necessary to effect a reorganization" *and* that there be a "reasonable probability of successful rehabilitation within a reasonable time." *In re Terra Mar Associates,* 3 B.R. 462, 465–66 (Bankr.D.Conn. 1980). If Congress had meant that, it would have said it. Congress clearly knew how to state such a test, since it did so in 11 U.S.C. § 1112(b)(1). *See In re Koopmans,* 22 B.R. 395, 398 (Bankr.D.Utah 1982). The lack of a feasibility test in the language of § 362(d)(2) shows that Congress did not intend that a feasibility test be used. *Id.*

■ There is an even more compelling argument against the feasibility test in addition to the semantic argument discussed above. A feasibility test is simply impractical under § 362(d)(2). If such a test is read into that section, a debtor must *prove*[1] that he can propose a viable plan of reorganization before he has had the opportunity to prepare such a plan. That puts the cart before the horse. What Congress intended to be a mere preliminary becomes the main event. It seems clear that a feasibility test under § 362(d) is completely inconsistent with Congress' decision to defer a feasibility test to a later, more appropriate stage in the bankruptcy proceedings. *See Koopmans,* 22 B.R. at 401, 404 n. 17.

A debtor must be allowed the opportunity to formulate a plan, free from creditor pressures, before he is forced to prove the feasibility of that plan. *See id.* at 404 n. 17. The provisions of § 362(d)(2) were not designed to take away that opportunity. Instead, they were designed to allow creditors to strip off any property from the debtor's estate that will not be needed in an effective reorganization. For example, a creditor should be allowed to foreclose on the home of a self-employed engineer, since the home is not necessary to reorganizing his business of engineering. His drafting tools, however, would be necessary to reorganizing his business.

Clearly, the scope of § 362(d)(2) is quite narrow if that section is read to include only a "necessity" test. Most creditors will be unable to obtain relief from the automatic stay. However, that appears to be the intent of Congress. Congress intended that debtors not be forced to prove that they have a feasible plan of reorganization until they have had time to prepare a plan.

Concap argues that there is no need to "prolong the agony" of both the creditor and debtor when it becomes apparent at

---

1. A debtor has the burden of proof in a § 362(d) hearing on all issues except for the existence of equity. 11 U.S.C. § 362(g).

the § 362(d)(2) hearing that any reorganization is hopeless. There is some merit to that argument. Bankruptcy courts generally have the expertise and experience to quite accurately predict the final outcome of a bankruptcy case. But it is clear that Congress declined to give the courts the power to require proof of feasibility at the § 362(d) hearing stage. If Congress erred in declining to do so, Congress must correct its error. The courts are not empowered to tinker with Congress' statutory schemes even if they can improve them.

In a one-asset case such as this one, the necessity test is almost tautological. A company with only one asset is always going to need that asset in any effective reorganization. From the evidence in the record, it is clear that there will be no reorganization in this case without the disputed property. The bankruptcy court's findings that the property was not necessary to an effective reorganization were based on a feasibility test. *See* Order Modifying Automatic Stay, Findings of Fact Nos. 7, 8, & 9, at R. 141, 143. Because this court holds that applying a feasibility test under § 362(d)(2) is in error,[2] the order lifting the automatic stay is vacated.

Accordingly,

IT IS HEREBY ORDERED that the bankruptcy court's order modifying the automatic stay is vacated. The case is remanded for any further proceedings consistent with this opinion.

---

**2.** The issue of stare decisis and the decision of *In re Mountain View Holdings,* 84C–00226, appear to this court to be irrelevant to this appeal. Consequently, they are not discussed in this memorandum decision. The issue of whether the rents are cash collateral need not be addressed given this ruling.