**In the Matter of William G. BASKERVILLE and Shirley A. Baskerville, Debtors.**

**FIRST INTERSTATE BANK OF FORT COLLINS, N.A., Applicant/Appellee,**

v.

**William G. BASKERVILLE and Shirley A. Baskerville, Respondents/Appellants.**

**No. 87–C–716.**
**Bankruptcy No. 87 B 1855 C.**

United States District Court,
D. Colorado.

Nov. 3, 1988.

Stephen J. Jouard, Fischer, Brown, Huddleson & Gunn, Fort Collins, Colo., for applicant-appellee.

Kenneth S. Copple, Fort Collins, Colo., for respondents-appellants.

### ORDER

CARRIGAN, District Judge.

This is an appeal from the bankruptcy court's order granting appellee First Interstate Bank of Fort Collins, N.A. (the "Bank") relief from the automatic stay provisions of the United States Bankruptcy Code. Appellants William and Shirley Baskerville (the "Baskervilles") request that I vacate the bankruptcy court's order. The briefs and the appellate record have been fully considered and oral argument would not materially assist the decision process. Jurisdiction is based on 28 U.S.C. § 158(a).

Initially I note that the Bank filed two motions to dismiss for failure to timely file a brief on appeal. These motions are denied as moot because I previously granted the Baskervilles an extension of time to retain counsel and submit an amended brief.

The undisputed facts are as follows: The Baskervilles operated two farms in Colorado. The Bank holds security interests in their farming equipment, grazing rights and crops. On September 17, 1985, the Baskervilles filed for protection under Chapter 11 of the United States Bankruptcy Code. They did not submit a reorganization plan under Chapter 11, and the peti-

tion was dismissed. The Bank commenced a state replevin action to regain its security. On February 18, 1987, the Baskervilles filed a petition pursuant to Chapter 12 of the Bankruptcy Code, 11 U.S.C. § 1201, *et seq.* The Bank then filed a motion for relief from stay pursuant to 11 U.S.C. § 362(a)(2).

The Federal Land Bank obtained relief from stay in the Chapter 11 proceeding and foreclosed on the Baskervilles' principal residence and farm. That property was sold in a foreclosure proceeding. At the time of the preliminary hearing, the Farmers Home Administration ("FHA") held a second deed of trust on the property and had not exercised its right of redemption. In anticipation of the FHA's redemption, the Baskervilles had applied to FHA for a lease-back agreement.

The debtors had been unsuccessful in attempts to sell their grazing association shares, valued at $30,000. They deeded their second farm back to the estate and then leased it with a buy-back option. At the time of the preliminary hearing, they had planted wheat and were ready to plant corn and pinto beans.

In its motion for relief, the Bank alleged that the Baskervilles had no equity in the property and could not submit a reasonable plan for reorganization.

On May 4, 1987, the bankruptcy court convened a preliminary hearing on the Bank's motion. The Baskervilles appeared pro se. After hearing the evidence, the bankruptcy court found that good grounds existed for granting the relief from stay because: (1) the debtors have no equity in the property and (2) they have no prospects for an effective reorganization.

On appeal, the Baskervilles contend that the bankruptcy court erred as a matter of law in applying the standard under 11 U.S.C. § 362(d)(2)(B). They argue that the court erroneously focused on the feasibility of a successful reorganization rather than on whether the property was necessary for an effective reorganization.

The bankruptcy court's findings of fact are not to be disturbed on appeal unless they are clearly erroneous. *In re Mullet,* 817 F.2d 677, 678 (10th Cir.1987). However, the court's application of rules of law will be reviewed under a *de novo* standard. *Id.* at 679.

Pursuant to § 362, upon filing of a petition in bankruptcy, the debtor is granted an automatic stay for protection from creditors while reorganization is in process. However, a party in interest may move for relief from the stay:

"(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property ..., if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization." 11 U.S.C. § 362(d).

It is undisputed that the Baskervilles presently have no equity in the property in question. Therefore, the only issue remaining to be determined under § 362(d) is whether their property is "necessary" for an effective reorganization.

The bankruptcy judge found that the Baskervilles did not own the land, had no long term lease, had no operating capital available to continue operations and had a history of inability to restructure their debts. He concluded that there was no prospect of an effective reorganization and granted relief from the stay.

There is a split in authority on the standard to be applied under § 362(d)(2)(B). The majority of the courts apply a "feasibility" test, evaluating the debtor's prospects for a reasonable reorganization. *See e.g., In re Playa Development Corp.,* 68 B.R. 549 (Bankr.W.D.Tex.1986); *In re Development, Inc.,* 36 B.R. 998 (Bankr.Hawaii 1984); *In re Terra Mar Assoc.,* 3 B.R. 462 (Bankr.Conn.1980). Under this standard, the debtor must show that there is "a reasonable possibility of a successful reorganization within a reasonable time." *In re Greiman,* 45 B.R. 574, 579 (Bankr.N.D. Iowa 1984).

However, a minority of courts have rejected the feasibility test because the deter-

mination regarding a debtor's chances for successful reorganization is often made at the preliminary hearing, before the debtor has had an opportunity to prepare a reorganization plan. *E.g., In re Sunstone Ridge Assoc.,* 51 B.R. 560, 562 (D.Utah 1985). These courts have applied the strict language of the Bankruptcy Act, in the light of Congressional intent, and determined that the proper test is the "necessity" test. *See e.g., Sunstone, supra; Greiman, supra; In re Faires,* 34 B.R. 549 (Bankr.W.D.Wash.1983); *In re Koopmans,* 22 B.R. 395 (Bankr.Utah 1982). Under this test, the question becomes whether the farmer needs the property to reorganize. The court must inquire whether the property can make an identifiable contribution to the debtor's reorganization. *Greiman, supra,* at 580. Property is deemed "necessary" if it generates income that will benefit the estate or enhance the sale value of the business. *Id.*

Thus under the "necessity" test, the bankruptcy court should determine at the preliminary hearing stage whether there exists a reasonable likelihood that the property is necessary for reorganization. 11 U.S.C. § 362(d) and (e).

I consider the reasoning of the courts that have adopted the "necessity" test to be persuasive, and I conclude that the bankruptcy court erred in applying the feasibility test at the preliminary hearing. The preliminary hearing was held two to three weeks before the Baskervilles' reorganization plan was due. Mr. Baskerville stated that he needed his farm equipment to effectuate a reorganization. The Baskervilles presented evidence about the possibility of a lease-back agreement with FHA. They had already planted some crops and were ready to plant additional crops. Moreover, they had a three year lease with an option to purchase on the second farm. Based on this evidence I find and conclude that the bankruptcy court acted prematurely in determining that the debtors would not be able to submit a successful reorganization plan.

Accordingly, IT IS ORDERED that:

(1) The decision of the bankruptcy court granting the appellee relief from stay is REVERSED;

(2) This action is ordered remanded to the United States Bankruptcy Court for the District of Colorado for proceedings not inconsistent with this Order, including, in the discretion of the bankruptcy court, the reopening of the matter for receipt of additional evidence; and

(3) The appellee's motions to dismiss are denied as moot.